IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PETER JAMES SMITH, )
)
Plaintiff, )
)
v. ) Case No. 2:16-cv-129-WKW-WC
)
GAME STOP, and GAME STOP, INC., )
)
Defendants. )

# ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On February 26, 2016, Plaintiff filed this suit purporting to allege violations of his civil rights pursuant to 42 U.S.C. § 1983. On March 1, 2016, the District Judge entered an Order (Doc. 3) referring the case to the undersigned Magistrate Judge for "all pretrial proceedings and entry of any orders or recommendations as may be appropriate." Because Plaintiff has requested leave to proceed *in forma pauperis*, *see* Mot. (Doc. 2), the complaint is before the undersigned for screening pursuant to 28 U.S.C. § 1915(e). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii). Based upon a careful review of the complaint, the undersigned concludes that the complaint is plainly

frivolous and that Plaintiff has failed to state any claim upon which relief could be granted. Consequently, the complaint is due to be dismissed pursuant to §§ 1915(e)(2)(B)(i) and (ii).

A review of the sufficiency of Plaintiff's complaint for purposes of § 1915(e)(2)(B)(ii) begins with analysis of whether the complaint complies with the pleading standard applicable to all civil complaints in federal courts. *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citations omitted) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible' on its face."). Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (remarking, a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). Thus, in order to satisfy Rule 8(a), Plaintiffs' complaint "'must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'" *Urquilla-Diaz v.*

*Kaplan Univ*., 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful. Factual allegations that are merely consistent with a defendant's liability, however, are not facially plausible." *Id*. (internal quotations omitted).

As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia*, *Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Accordingly, Plaintiffs' complaint, even if liberally construed, must minimally satisfy the dictates of Rule 8(a) of the Federal Rules of Civil Procedure in order to survive review under § 1915(e). As set out below, the undersigned concludes that Plaintiff's complaint fails to withstand such scrutiny.

In view of these general principles, the undersigned turns to the instant complaint. Plaintiff purports to sue a local Montgomery retailer, Game Stop, and, presumably, Game Stop's corporate parent, which Plaintiff describes as "Game Stop, Inc." Compl. (Doc. 1) at 1. Plaintiff's complaint appears to concern his arrest by the Montgomery Police Department on a charge of "3rd Degree Criminal Trespass." *Id.* at 3. Plaintiff claims that

on October 11, 2015, he was sitting on a sidewalk outside a closed business at 6651 Atlanta Highway in Montgomery when he was arrested by officers from the Montgomery Police Department. *Id.* He was "taken to jail with no shoes on," and forced to leave his belongings, "including prescription medications," at the scene of his arrest. *Id.* Plaintiff further claims that, at a trial held in the state court on February 10, 2016,

> a white female claiming to be the Property Manager a Ms. Hendricks testified under oath that the arrest was because of information she had received from an employee of "Game Stop" located at 6655 Atlanta Highway Montgomery, Alabama 36117. A business that I never entered.

*Id.* Plaintiff seeks to recover for his "[e]motional distress, mental anguish pain and suffering compensatory as well as punitive damages." *Id.* at 2. Plaintiff also complains that Montgomery Police exhibited a disregard for his safety because his "seat belt was not buckled during transport to jail[.]" *Id.* Plaintiff then appears to assert that he seeks "Relief for violation of the 'Shepard-Byrd Hate Crime Act,'" because he is "an African-American male living homeless in Montgomery for a period of over 4 yrs now. Relief for defamation, harassment and false imprisonment." *Id.*

Plaintiff's complaint is due to be dismissed for a host of reasons. Foremost among them, the complaint is frivolous. The only allegation in the complaint describing any conduct by Defendants is that an employee of Game Stop provided a Property Manager with "information" pertaining to Plaintiff, who admits to sitting on the sidewalk outside of a nearby closed business. Plaintiff does not allege what "information" was provided by the Game Stop employee. However, from this lone allegation, Plaintiff purports to allege against Defendants claims of unlawful arrest, false imprisonment, harassment,

defamation, "disregard" for his safety while in police custody, and a violation of federal hate-crime law. Plaintiff's factual allegations against Game Stop and "Game Stop, Inc.," do not presently, and could not ever, support the claims he purports to allege. As such, the complaint is frivolous and is due to be dismissed pursuant to § 1915(e)(2)(B)(i).

In any event, even if the complaint were not patently frivolous, Plaintiff still has failed to state any claim upon which relief could be granted as to Game Stop or "Game Stop, Inc." Defendants, a private retailer and its corporate parent, are not state actors and therefore may not be held liable pursuant to § 1983. *Harvey v. Harvey*, 949 F.2d 1127, 1130-1132 (11th Cir. 1992). Moreover, Defendants are not even responsible for the conduct which Plaintiff claims caused the injuries he claims. Plaintiff does not allege that Defendants harassed him or otherwise had any interaction with him. Defendants did not arrest or falsely imprison Plaintiff. Defendants were not responsible for his safety during transport to the jail. Plaintiff does not explain how any "information" provided by a Game Stop employee was defamatory as to him. Finally, Plaintiff does not explain how Defendants could have somehow effected a violation of a federal hate-crime statute and, even if he had tried, the cited criminal statute does not provide him with a private right of action. *See, e.g.*, *Godfrey v. Ross*, No. 2:11-2308-WBS-EFB, 2011 WL 6012607, at *5 (E.D. Cal. Dec. 1, 2011) (finding that the Matthew Shepard and James Byrd Hate Crimes Prevention Act does not provide a private civil right of action and collecting similar cases). In short, then, Plaintiff has utterly failed to state any claim upon which relief could be granted as to Defendants.

For all of the reasons stated above, the undersigned concludes that Plaintiff's complaint is frivolous and that, alternatively, Plaintiff has failed to state any claim upon which relief could be granted. Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED prior to service of process, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).[1] Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is GRANTED. Further, it is

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation **on or before May 4, 2016**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by

---

[1] The undersigned is recommending dismissal of Plaintiff's complaint without first asking Plaintiff to amend the complaint. The undersigned believes requesting such amendment would be futile because the complaint is frivolous and, in any event, Plaintiff is incapable of asserting federal civil rights claims under § 1983 against Defendants. Accordingly, leave to amend Plaintiffs' complaint need not be afforded in this instance. *See, e.g.*, *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile.").

Furthermore, the opportunity to amend ordinarily contemplated by governing case law, *see Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), is not inconsistent with the undersigned's recommendation of dismissal. Plaintiff will be permitted to file objections to the findings set forth in this Recommendation, and thus he is afforded the requisite opportunity to be heard about the deficiencies of his complaint prior to any dismissal of the complaint.

the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 20th day of April, 2016.

/s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE